## John B. Ruffner *v.* Hugh A. Hooks, Appellant.

*Appeals—Superior Court—Act of June* 24, 1895.

Where a verdict for two hundred dollars was obtained in the common pleas on September 5, 1894, and a certiorari from the Supreme Court filed in the court below on June 23, 1895, but no judgment entered until after July 1, 1895, the case must be remitted to the Superior Court for hearing and decision.

Argued Oct. 17, 1895. Appeal, No. 204, Oct. T., 1895, by defendant, from judgment of C. P. Armstrong Co., March T., 1892, No. 344, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Record remitted to Superior Court.

Trespass for personal injuries. Before RAYBURN, P. J. The facts appear by the opinion of the Supreme Court.

*M. F. Leason* and *W. L. Peart,* for appellant.

*W. D. Patton, Floy C. Jones* with him, for appellee.

OPINION BY MR. CHIEF JUSTICE STERRETT, October 24, 1895:

In this action of trespass a verdict in favor of plaintiff for $200 was rendered September 5, 1894, and on July 29, 1895, judgment was entered thereon. In the meantime a certiorari from this court was taken by the defendant and filed in the court below June 23, 1895. No judgment having been entered on the verdict until after July 1, 1895, there was nothing on which to base a writ of any kind from this court; and hence no effect can be given by us to the improvidently issued writ of certiorari, because on the day last named the Superior Court act took effect and this court ceased to have direct appellate jurisdiction of the case. In some cases, wherein writs of error, etc., were improvidently issued before judgment was entered, we have heretofore treated the writ as postdating the entry of judgment, and thus sustained the proceeding; but those were all cases clearly within our jurisdiction, and in that respect different from the present case. Since July 1, 1895, the only direct authority we have had in the premises is to remit the

case under the provisions of the 9th section of the act of 1895, establishing the Superior Court.

While this case, in some of its features, differs from Christner v. John, supra, 527, in which an opinion has just been filed, we think it should be disposed of in the same way.

It is therefore ordered that the above entitled case be remitted, at the costs of the defendant, to the Superior Court for hearing and decision.